COPE, Judge.
Associated Dry Goods Corporation appeals an order dismissing its mandamus action against the appellee Dade County Property Appraiser with prejudice. We affirm.
Appellant Associated Dry Goods Corporation operates the Lord & Taylor store at the Dadeland Mall. Associated owns the store building. Associated leases the land underneath the store from the owner of the Dade-land Mall under a lease running to the year 2002.[1] At the conclusion of the lease, the owner of the Dadeland Mall will own the Lord & Taylor building as well as the land.
Associated brought a mandamus action in the circuit court, seeking to compel the Property Appraiser to issue a separate assessment for the Lord & Taylor building. Associated claims that it is entitled to the requested relief by reason of Rule 12D13.007, Florida Administrative Code, which provides in part:
Rule 12D-13.007 Splits and Cutouts, Time for Requesting and Procedure.
(1) When property has been properly assessed in the name of the owner as of January 1 of the tax year, the appraiser may not cancel the assessment by reason of a sale of the whole or a part of the property. The assessment is against the property, not the owner.
(2) When the new owner or the original owner wishes to pay taxes on his proportionate share of the whole property, it is the duty of the property appraiser to figure the amount of the assessment on that portion of the whole.
We agree with Judge Rivkind that “Florida Administrative Code Rule 12D-13.007 *29 does not require the property appraiser to ‘cut out’ the property at the request of a tenant under a land lease.” Order of Dismissal, June 20, 1996. The Rule applies where, for example, the owner of a parcel of real estate sells part and keeps part. If the original parcel had a single assessment, then the original owner and new owner are entitled to separate assessments on their respective shares. Op.Att’y Gen.Fla. 75-105, at 181 (construing predecessor Rule). The same logic would apply if the original owner sold the entire parcel in pieces to separate buyers. See id By its terms, the Rule applies to fee simple owners, not tenants under a land lease.
Affirmed.

. The lease contains provisions for six ten-year extensions.